UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAHNELL PARKINSON,

                Petitioner,

   v.                                                            9:22-CV-1003
                                                                       (MAD)
NEW YORK STATE DIVISION OF PAROLE,

                Respondent.

---

APPEARANCES:                                                       OF COUNSEL:

JAHNELL PARKINSON
Petitioner, pro se
P.O. Box 3902
Schenectady, NY 12303

HON. LETITIA JAMES                                    PRISCILLA I. STEWARD, ESQ.
Attorney for Respondent                             Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Jahnell Parkinson seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1 - 1-3, Exhibits; Dkt. No. 1-4, Cover Letter; Dkt. No. 1-5, Return Envelope. The Court directed respondent to answer the Petition. Dkt. No. 2, Decision and Order. In lieu of an answer, respondent successfully sought permission to file a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 5, Letter Motion; Dkt. No. 6, Text Order (granting letter request); Dkt. No. 8, Motion to Dismiss; Dkt. No. 8-1,

Memorandum of Law in Support; Dkt. No. 8-3, State Court Record ("SCR").[1]  Petitioner did not file an opposition to the motion.

## II. PETITION

Petitioner challenges a 2020 judgment of conviction, from Schenectady County Court, pursuant to a guilty plea of third degree criminal sale of a controlled substance.  Pet. at 1-2; *see also People v. Parkinson*, 199 A.D.3d 1243 (3rd Dep't 2021).  Petitioner was sentenced to two years incarceration to be followed by two years of supervised release.  SR at 2-3, 15.  The New York State Appellate Division, Third Department, affirmed the judgment of conviction and, on January 24, 2022, the New York State Court of Appeals denied petitioner's application for leave to appeal.  Pet. at 2-3; *accord Parkinson*, 199 A.D.3d at 1244, *lv. appeal denied*, 37 N.Y.3d 1163 (2022).[2]  Petitioner did not seek a writ of certiorari from the United States Supreme Court.  Pet. at 3.

On July 27, 2021, pursuant to a merits determination, petitioner was released to parole supervision.  SR at 19-20 (New York State Department of Corrections and Community Supervision ("DOCCS") Certificate of Release to Supervision); SR at 23 (copy of DOCCS Incarcerated Lookup Information for Jahnell Parkinson, DIN 20A0585); *see also* DOCCS Incarcerated Lookup Website, *available at* http://nysdoccslookup.doccs.ny.gov ("Parkinson, Jahnell" and DIN 20A0585) (last visited Feb. 2, 2023).  Petitioner's post-release supervision maximum expiration date was noted to be September 1, 2022.  *See* SR at 23; DOCCS

---

[1] For the sake of clarity, citations to parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.  The only exception to this is the State Court Record, Dkt. No. 8-3, which is separately paginated and will be referred to by the Bates Stamp numbering in the bottom center of each page.

[2] Petitioner attached a partial copy of the Third Department's decision to the petition.  *See* Dkt. No. 1-1 at 24-25.

Incarcerated Lookup Website, *available at* http://nysdoccslookup.doccs.ny.gov.  Consistent with the information from the website, petitioner also received a Certificate of Final Discharge from DOCCS "to verify that [he] . . . ha[d] been discharged from [a] sentence or a period of post-release supervision effective . . . 9/1/2022."  SR at 25.

Liberally construing petitioner's arguments, he contends that he is entitled to federal habeas corpus relief because (1) he was denied due process when (a) the confidential informant did not testify during trial and (b) altered videos were permitted to be admitted into evidence, Pet. at 5, 7; (2) petitioner was precluded from receiving all relevant *Brady* and *Rosario* material, *id.* at 5, 10; (3) petitioner's counsel was constitutionally ineffective and, due to the State freezing petitioner's accounts, he was precluded from obtaining new counsel, *id.* at 7; (4) petitioner was denied the right to confront his accuser, *id.* at 7, 10; (5) petitioner was repeatedly subjected to excessively high bail in violation of his Eighth Amendment rights, *id.* at 8; (6) petitioner's sentence was harsh and excessive, *id.*; and (7) petitioner was denied his right to testify before the grand jury, *id.* at 10.  The Court received the petition on September 23, 2022.  *See* Dkt. Entry for Pet.

## III. DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief 'only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States' at the time he files the petition." *Hurdle v. Sheehan*, No. 1:13-CV-6837, 2016 WL 4773130, at *2 (S.D.N.Y. Sept. 12, 2016) (quoting 28 U.S.C. §

2254(a)).

> Courts have construed the term "in custody" liberally to extend beyond physical incarceration; it has been interpreted to include individuals who, at the time of the filing of the petition, were on parole . . ., supervised release . . ., and bail . . . .
>
> However, once a sentence has been completely served and thus expired, an individual is no longer "in custody" under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence.

*Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (internal citations omitted); *see also Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (explaining that a petitioner who files his habeas petition before the sentence of his challenged conviction expires is deemed to be in custody, even if the sentence expires during the course of the habeas action, whereas a petitioner who challenges "a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed" is not).

Here, all evidence indicates that petitioner was no longer in custody at the time his habeas petition was filed. DOCCS documents state petitioner's post release supervision fully expired on September 1, 2022, twenty days prior to the instant action being filed with the Court.[3] Therefore, the Court lacks jurisdiction over the instant action.[4]

---

[3] The petition indicated that it was signed on July 15, 2022; however, it was not placed into the mail until September 21, 2022, and was subsequently received by the Court on September 23, 2022. Pet. at 15. It is important to note that "prison" was intentionally stricken from the last page of the petition when referring to the mailing system in which the petition was placed, leaving the Court to reasonably assume that petitioner independently placed his pleading in the United States Postal Services Mail System himself. *Id.* This is further supported by the cover letter and the return address on the envelope in which the petition was sent, both of which utilized the same address, a post office box in Schenectady, New York, and not in a correctional facility. *See* Dkt. Nos. 1-4 & 1-5.
    This is important because "[p]ro se inmates are entitled to application of the prisoner mailbox rule which deems litigation papers mailed by a pro se prisoner to the clerk of the court as filed the moment the papers are turned over to prison authorities for posting to the court through the prison log system." *Brockway v. Burge*, 710 F. Supp. 2d 314, 322 (W.D.N.Y. 2010) (quoting *Houston v. Lack*, 487 U.S. 266, 276 (1988)) (internal quotation marks omitted). However, petitioners are "not entitled to the benefit of the prison mailbox rule" where they provide the petition to an independent third party or, by logical extension, they themselves mail their pleading outside of the prison facility mail system. *Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001) (denying application of the prisoner mailbox rule where petitioner gave his legal work to his sister to mail to the court). Accordingly, the petition is deemed filed on

**IV.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that motion to dismiss, Dkt. No. 8, be **GRANTED**; and it is further

**ORDERED** that the petition, Dkt. No. 1, be **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

---

the date which the Court received it, September 23, 2022. *Brockway*, 710 F. Supp. 2d at 322.

[4] There are exceptions to the rule; however, none are applicable here. When a petitioner is serving consecutive sentences, "in custody" has been construed "to require that consecutive sentences be viewed in the aggregate." *Garlotte v. Fordide*, 515 U.S. 39, 45-46 (1995) (citing *Peyton v. Rowe*, 391 U.S. 54, 66 (1968). However, petitioner is not serving consecutive sentences.
   Further, the Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed," or that a petitioner remains "in custody" under a fully expired sentence "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). That being said, the Supreme Court has not completely ruled out that there may be extremely limited instances where "a habeas petition directed at [an] enhanced sentence may effectively be the first and only forum available for review of the prior conviction;" however, those precise circumstances have not been articulated. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 405 (2001). Moreover, it is clear that the instant situation is not the type of exception that the Supreme Court had in mind.

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

**ORDERED** that the Clerk shall serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2023
      Albany. New York

_____
Mae A. D'Agostino
U.S. District Judge